## ELLIOTT v. STANDARD OIL CO. OF CALIFORNIA.

(District Court, D. Oregon. February 21, 1927.)

1. **Master and servant ⬤⟞359—Employé, if he would not be bound by Oregon Workmen's Act, was required to elect when he enters in service (Or. L. § 6623).**

Under the provisions of Oregon Workmen's Compensation Act (Or. L. § 6623), an employé of a corporation, engaged in a hazardous occupation and subject to the act, and which is so engaged when he enters its service, in order not to be bound by the act, must give notice of his election when he enters the employment.

2. **Master and servant ⬤⟞358—Failure of employer to post notices required by Oregon Workmen's Compensation Act does not change his status thereunder (Or. L. § 6620).**

Failure of an employer, engaged in a hazardous occupation and subject to Oregon Workmen's Compensation Act, to post the notices of such fact required by Or. L. § 6620, does not deprive him of the benefits of the act, nor relieve him of his obligations thereunder.

At Law. Action by Lena Elliott against the Standard Oil Company of California. On demurrer to answer. Overruled.

C. B. McConnell, of Burns, Or., and P. J. Gallagher and Ralph H. King, both of Portland, Or., for plaintiff.

Dey, Hampson & Nelson and C. J. Young, all of Portland, Or., for defendant.

BEAN, District Judge. This is an action at law to recover damages for the death of Harold Elliott, caused by an injury received while he was employed by the defendant to assist in the work of dismantling and removing a storage tank.

The defendant pleads that plaintiff's remedy is under the Workmen's Compensation Act, and to that end alleges the passage of that act in 1913 (Laws 1913, p. 188); that it is a California corporation, and during all the times mentioned was and is engaged in the business of the distribution, storage, and sale of oil and gasoline in the state of Oregon; that on November 15, 1913, it filed with the State Industrial Accident Commission notice of the rejection of the benefits of the act; that thereafter, and on January 11,

1918, it applied to the commission to fix rates of contribution for all of its occupations not defined as hazardous, and in compliance therewith the commission fixed such rates, and on January 22, 1918, it recalled its previous rejection of the benefits of the act, effective February 4, 1918, and filed with the commission notice of an election to contribute under the act as to all of its employés, since which time it has made contributions as required; that on or before April 13, 1925, it was engaged in the wrecking of a steel storage tank at Crane, for the purpose of removing it to Burns, where it was to be erected as part of its storage and distributing plant at that place; that on April 13, it employed the deceased to assist in such work, and on the next day, while he was so engaged, he received an injury arising out of the course of his employment, resulting in his death; that he did not at any time elect not to be subject to the Compensation Act.

The plaintiff demurs to the answer, for the reason that it does not state facts sufficient to constitute a defense. The Compensation Act defines what shall be deemed hazardous occupations within the meaning of the act (section 6617, O. L.), and provides that all employers engaged in such occupations and their employés shall be subject to the act, unless they give notice of an election to reject its provisions as therein provided (sections 6614, 6615).

It is conceded that, at the time of Elliott's injury, the defendant was engaged in a hazardous occupation as defined in a Compensation Act. It was therefore subject to its provisions because of such occupation, and because it had not rejected the act, but, on the contrary, had affirmatively elected to be bound thereby. The plaintiff claims, however, that Elliott had three days after his employment in which to elect whether he would accept the provisions of the Compensation Act, and, since his injury occurred before the expiration of that time, he and his personal representative had an option to accept or reject its benefits and obligations, and that defendant is not entitled to the benefits of the act because of its failure to post the notices required by the act. To support this position, reliance is had on section 6620, Oregon Laws, which requires all employers engaged in hazardous occupations to display in a conspicuous manner about their works, and in a sufficient number of places to reasonably inform their workmen of the fact, printed notices furnished by the commission stating that they are or are not, as the case may be, contributors to the In-dustrial Accident Fund, and makes it a criminal offense to fail to do so, and section 6623, governing the rights of an employé not to accept the benefits of the act. Considering these sections in their reverse order:

[1] Section 6623 provides the time in which an employé of an employer subject to the act may elect not to be bound thereby. It first provides that he may make such election at any time before June 30th next following the taking effect of the act. The original Compensation Act was passed in 1913, and the section in question amended in 1917. Laws 1917, p. 548, § 9. This provision, therefore, can have no application to the instant case, since the deceased was not in the employ of the company during the period mentioned. The section then provides that any workman entering the employment of such employer (that is, one subject to the act) after that date, June 30th next after taking effect of the act, may at such time give the required notice, and this, I take it, means at the time he enters the employment.

The next clause has reference to an employer subject to the act, who has elected to reject its provisions, and who later recalls such rejection, and thus changes the status of himself and his employés. It manifestly was intended for the benefit of an employé whose status was thus changed, and gives him a certain time after legal notice of the change to make his election. It can have no application to the case in hand, because the deceased was not employed by the defendant company at the time it recalled its election.

And, finally, the section provides that "any workman who shall be in the employ of an employer who shall hereafter engage in any of said hazardous occupations and who shall become subject to the act may give notice in writing to his employer within three days after his employer shall have engaged in such hazardous occupation of his election not to become subject to this act," and if such workman shall receive an injury within the three-day period, and before he shall have elected not to become subject to the act, he shall have the option of taking the benefits of the act or proceeding against his employer as if the act had not been passed. This provision, as I construe it, is intended to apply to a workman employed in a non-hazardous occupation, whose employer during the course of his employment engages in a hazardous occupation, and thus automatically becomes subject to the act. It gives such a workman three days thereafter in which to elect whether he will accept the benefits of the act. It has no application, I

take it, to a workman entering the services of an employer who is at the time engaged in a hazardous occupation and subject to the act. The right of election of such a workman is determined by the previous provisions of the section, and he is required to make his election at the time he enters the employment. If he does not, at the time he enters such employment, elect to reject the provisions of the Compensation Act, he becomes subject thereto, and his remedy for an injury while so employed must be found in the act.

This seems to be the view of the Supreme Court of the state, as indicated in Wells v. Clark & Wilson Co., 114 Or. 297, 235 P. 283. The defendant in that case was engaged in a hazardous occupation. The plaintiff received a card from an employment agency in Portland, directing her to go to defendant's logging camp to secure a position as waitress, in pursuance of which she went to the camp, riding a portion of the way on a logging train of the defendant, and was injured immediately after getting off the train. She brought an action at law against the defendant to recover damages for her injury, and the question before the court was whether she was an employé of the defendant and her remedy was under the Compensation Act. The court, speaking through Mr. Chief Justice McBride, said: "If her employment commenced with receiving the employment card from the employment agency in Portland, or if it commenced when she accepted transportation at Nehalem Junction, then she is subject to the Workmen's Compensation Act and her remedy for her injuries must be found in an application to the Industrial Accident Commission and not an action for damages against the defendant company."

I conclude, therefore, that Elliott became subject to the act when he entered the employ of the defendant, who was then engaged in a hazardous occupation, without at that time making election not to accept the provisions of the act.

[2] Nor, in my opinion, should the demurrer be sustained because it is not alleged that defendant posted the notices referred to in section 6620. That section requires an employer engaged in a hazardous occupation to display in a conspicuous manner about his work notices, and makes it a criminal offense for him to fail to do so; but it does not declare that an employer who is within the act shall be deprived of its benefits or relieved of its obligations if he fails to comply with this provision. The Compensation Act does provide certain specific instances in which the protection of the act is denied an employer who has not rejected it (sections 6622–6629), but the failure to post notices is not one of them.

It is to be borne in mind that the question involved in this case is not whether the failure of an employer to post the required notices at the time of engaging in a hazardous occupation, or when he recalls a former rejection of the act, deprives him of its benefits as to those persons in his service at the time, but whether a failure to post such notices will render him liable in an action at law by a workman who enters his service after and while he is engaged in such occupation, and is injured in the course of his employment. The question is whether it is necessary for an employer, who, by reason of the character of his work, is within the provisions of the act, to post and keep posted the specified notices in order to protect himself. In short, is an employer required by law to keep continuously posted the specified notices, and if he fails to do so is he liable in an action at law by an employé who may be injured during the interval?

I think not. Such a construction would compel an employer to maintain a guard over the notices, to prevent their removal or destruction, and if, for any reason, they were removed or destroyed, and a workman received an injury before new notices could be procured from the commission and posted, the employer would be deprived of the benefits of the act. The liability of the employer would depend in such event upon whether the requisite notices were in fact displayed at the time his employé was injured, and not whether he was engaged in a hazardous occupation, and therefore had accepted automatically, or had rejected, the benefits of the act. The posting of the notices by an employer engaged in a hazardous occupation is not necessary to advise a workman who enters his services while he is so engaged that his employer is subject to the act, for he is charged by law with knowledge thereof by reason of his employer's occupation. If an employer is engaged in a nonhazardous occupation, and subsequently engages in a hazardous occupation, and has rejected the act and thereafter recalls such rejection thereof, his employés at the time are entitled to the notice provided by law of such change of status, and a time in which to elect whether they will reject or accept the benefits of the act. Sections 6620–6622. If, however, an employer engaged in a hazardous occupation is not subject to the act by reason of his rejection thereof, his employé has no right of

election, for in such case neither he nor his employer is subject to the burdens of the act or entitled to its benefits.

It follows, therefore, that the demurrer should be overruled; and it is so ordered.